# UNPUBLISHED

## UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

### No. 18-4276

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

VINCENT BEATTY, a/k/a Jamaal Beatty, a/k/a Vincent Daward Beatty, a/k/a Mozzi,

        Defendant – Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Joseph R. Goodwin, District Judge. (2:17-cr-00168-1)

Submitted: August 31, 2018               Decided: November 6, 2018

Before AGEE and HARRIS, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Christian M. Capece, Federal Public Defender, Jonathan D. Byrne, Assistant Federal Public Defender, Rachel E. Zimarowski, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, West Virginia, for Appellant. Michael B. Stuart, United States Attorney, Matthew Davis, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Vincent Beatty appeals his 60-month sentence, contending that the district court's upward variance is substantively unreasonable. Finding no error, we affirm.

I.

Law enforcement officers targeted Beatty as part of a joint federal/local investigation into drug distribution in Kanawha County, West Virginia. As part of the investigation, officers had informants purchase heroin from Beatty on five occasions. In addition to these controlled heroin purchases, law enforcement officers also used a confidential informant to purchase a pistol from Beatty for $200. Beatty boasted to the informant that he had guns stashed in other locations and could sell the informant a bulletproof vest. Local law enforcement officers arrested Beatty the following day. During a post-arrest interview, Beatty admitted that he maintained multiple residences for selling drugs and that he kept a gun and bulletproof vest at one of the locations. Beatty also conceded that he was a convicted felon.

Based on the foregoing, a federal grand jury indicted Beatty on a single count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Beatty pled guilty without the benefit of a plea agreement. At sentencing, the district court determined that Beatty's offense level was 12.[1] With a criminal history of Category VI, Beatty's guidelines range was 30 to 37 months' imprisonment.

---

[1] The Presentence Report (PSR) calculated Beatty's offense level to be 21. The PSR concluded that Beatty was a career offender under U.S.S.G. § 4B1.2 and also imposed a four-level enhancement for use of a firearm in connection with the sale of (Continued)

2

After hearing from Beatty and his attorney, the district court sentenced Beatty to a variant sentence of 60 months imprisonment. In fashioning Beatty's sentence, the court noted that Beatty had a "rough upbringing as a child," and was raised around drugs and alcohol. (J.A. 40). Justifying the variance, the court noted that Beatty "has never stayed out of trouble with law enforcement his entire adult life," and that, despite this extensive criminal history, nothing had "deter[red] him from getting back into the criminal business." (J.A. 41). The court detailed the nature and circumstances of Beatty's offense, recounting Beatty's role in "the very serious drug epidemic that we have in this community," including his multiple heroin sales. (J.A. 41). The court also noted that the Presentence Report, relying on statements from an informant, concluded that Beatty lived in a "trap house; i.e., a residence that drug dealers use to sell and store narcotics, United States currency and/or weapons." (J.A. 41-42). Likewise, the court explained that Beatty's involvement with both "[g]uns and drugs [is] particularly bothersome," and that society "can't have a career criminal, which essentially, without meeting the legal definitions, what your career's been, continue what you're doing." (J.A. 42).

---

methamphetamine under U.S.S.G.§ 2K2.1(b)(6)(B). Beatty objected to the PSR's application of the career offender guideline and its imposition of the four-level enhancement. At sentencing, the Government agreed with Beatty on both issues, lowering his total offense level to 12.

Finally, the court referred to one of Beatty's prior convictions, for aggravated assault under New Jersey law.[2] The court acknowledged that the conviction was not a "crime of violence" under U.S.S.G. § 4B1.2, a fact it found "fairly amazing." (J.A. 32). Nonetheless, in explaining its variant sentence, the court explained that it "can consider [the conviction] and I do." (J.A. 43).

## II.

On appeal, Beatty challenges only the substantive reasonableness of his sentence. In reviewing this claim, we must "take into account the totality of the circumstances, including the extent of any variance from the Guidelines range," *Gall v. United States*, 552 U.S. 38, 51 (2007), in order "to see whether the sentencing court abused its discretion," *United States v. Mendoza-Mendoza*, 597 F.3d 212, 216 (4th Cir. 2010). In considering the extent of the variance, however, we "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance," *Gall*, 552 U.S. at 51, because "district courts have extremely broad discretion when determining the weight to be given each" § 3553(a) factor, *United States v. Jeffrey*, 631 F.3d 669, 679 (4th Cir. 2011).

Here, the district court "properly considered and fully explained its decision pursuant to the factors set forth" in § 3553(a), including the nature and circumstances of

---

[2] Aggravated assault occurs when a person "[a]ttempts to cause significant bodily injury to another or causes significant bodily injury purposely or knowingly or, under circumstances manifesting extreme indifference to the value of human life recklessly causes such significant bodily injury." N.J. Stat. Ann. § 2C:12-1b(7) (West 2006).

4

the offense, the history and characteristics of the defendant, the need for adequate deterrence, and the need to protect the public from further crimes by Beatty. *United States v. Diosdado-Star*, 630 F.3d 359, 367 (4th Cir. 2011). Specifically, the court considered Beatty's role in selling both drugs and guns in the community, his lengthy criminal history, and the fact that one of his prior offenses showed a lack of care for the value of human life. Given this thorough recitation, "we conclude that we must give due deference to the District Court's reasoned and reasonable decision that the § 3553(a) factors, on the whole, justified the sentence." *Id.* (internal quotation marks and alterations omitted).

## III.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

*AFFIRMED*